UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

UNITED STATES OF AMERICA,          )
                                   )
        Plaintiff,                 )
                                   )    No. 6:10-CR-56-GFVT-HAI-1
v.                                 )
                                   )    RECOMMENDED DISPOSITION
CLIFFORD HUMFLEET,                 )
                                   )
        Defendant.                 )

\*\*\*  \*\*\*  \*\*\*  \*\*\*

On referral from District Judge Van Tatenhove (D.E. 124), the Court considers reported violations of supervised release conditions by Defendant Clifford Humfleet.

**I.**

District Judge Van Tatenhove entered a judgment against Defendant on August 12, 2011, following a plea of guilty to a violation of 21 U.S.C. §§ 846 and 851 conspiracy to manufacture five grams or more of methamphetamine. D.E. 100. Defendant was sentenced to 103 months of imprisonment followed by eight years of supervised release. *Id.* at 2–3.

Defendant was released from custody to begin service of his eight-year term of supervision on March 6, 2018. On August 10, 2022, Defendant stipulated to one violation of using methamphetamine and related state charges. D.E. 118. Defendant's supervised release was revoked, and he was sentenced to a six-month term of imprisonment followed by four years of supervised release. D.E. 122. He was released on December 23, 2022. On November 20, 2023, Judge Van Tatenhove approved that no action be taken following a report of commission of state crimes. D.E. 123.

**II.**

On March 17, 2026, the USPO issued the Supervised Release Violation Report (the "Report") that initiated these proceedings. The Report charges two violations. According to the Report,

> On March 5, 2026, this officer contacted the defendant at his residence for the purpose of monitoring compliance. He produced a urine specimen for drug testing purposes, and it returned positive for methamphetamine, amphetamine, and MDMA, via instant testing device. The defendant denied any use of methamphetamine, amphetamine, or MDMA. Subsequently, his urine specimen was packaged and sealed in his presence, and it was forwarded to Alere Toxicology Services for confirmation testing.
>
> On March 16, 2026, this officer received a drug test report from Alere Toxicology Services which indicated the defendant's urine specimen collected on March 5, 2026, was positive for the presence of methamphetamine (MDMA was negative).

Violation #1 alleges Defendant violated Mandatory Condition #3, which requires Defendant to refrain from unlawful use of a controlled substance. This is a Grade C violation. Violation #2 alleges Defendant violated Mandatory Conditions #1 and #2 of his conditions of release, which prohibit him from committing another federal, state, or local crime and from unlawfully possessing a controlled substance. Because possession of methamphetamine constitutes a Class E Felony under 21 U.S.C. § 844(a), Violation #2 is a Grade B Violation.

The Court conducted an initial appearance pursuant to Federal Rule of Criminal Procedure 32.1 on March 20, 2026. D.E. 127. During the hearing, Defendant made a knowing, voluntary, and intelligent waiver of his right to a preliminary hearing. *Id.* At the initial appearance, the United States made an oral motion for interim detention; Defendant argued for release. *Id.* Based on the heavy defense burden under 18 U.S.C. § 3143(a), the Court found detention was required.

At the final hearing on March 26, 2026, Defendant was afforded all rights under Rule 32.1 and 18 U.S.C. § 3583. D.E. 128. Defendant waived a formal hearing and stipulated to the violations set forth in the Report. *Id.* The Court found Defendant to be competent to stipulate to

2

the violations and that the stipulation was knowingly, voluntarily, and intelligently made. *Id.* The Court also found the stipulation to be consistent with the advice of counsel. *Id*.

Of course, the Court must find "by a preponderance of the evidence that the defendant violated a condition of supervised release." 18 U.S.C. § 3583(e)(3); *see also United States v. Cofield*, 233 F.3d 405, 406 (6th Cir. 2000) ("In order to revoke supervised release, the sentencing court must find by a preponderance of the evidence that a defendant has violated a condition of his supervised release."). Defendant's stipulation permits the Court to find that he engaged in conduct that is a Grade B violation under the Guidelines. *See* U.S.S.G. § 7B1.1(a)(2).

### III.

Under 18 U.S.C. § 3583(e)(3), a defendant's maximum penalty for a supervised release violation hinges on the gravity of the underlying offense of conviction. Defendant was originally convicted of the Class A felony conspiracy to manufacture five grams or more of methamphetamine, in violation of 21 U.S.C. §§ 846 and 851. *See* 21 U.S.C. § 841(b)(1)(B)(viii); 18 U.S.C § 3559(a)(1). His conviction carries a 60-month maximum period of incarceration upon revocation pursuant to 18 U.S.C. § 3583(e)(3).

The Policy Statements in Chapter 7 of the Guidelines provide advisory imprisonment ranges for revocation premised on Defendant's criminal history (at the time of original sentencing) and the "grade" of the particular violation proven. *See United States v. Perez-Arellano*, 212 F. App'x 436, 438 (6th Cir. 2007) ("Although the policy statements found in Chapter Seven of the United States Sentencing Guidelines recommend ranges of imprisonment, such statements 'are merely advisory' and need only be considered by the district court before sentence is imposed.") (citation omitted). The Guidelines also instruct that, "[w]here there is more than one violation of the conditions of supervision, or the violation includes conduct that constitutes more than one

3

offense, the grade of the violation is determined by the violation having the most serious grade." U.S.S.G. § 7B1.1(b).

Under U.S.S.G. § 7B1.1(a), Defendant's admitted conduct qualifies a Grade C violation with respect to Violation #1 and a Grade B violation with respect to Violation #2. Given Defendant's criminal history category of IV (the category at the time of the conviction in this District) and the Grade B violation, Defendant's range, under the Revocation Table of Chapter 7, is twelve to eighteen months. U.S.S.G. § 7B1.4(a). Consistent with the guidance of appellate courts, this Court takes the Guidelines-recommended sentence as its starting point and has remained cognizant of it in forming its recommended revocation sentence. *E.g.*, *Molina-Martinez v. United States*, 136 S. Ct. 1338, 1345 (2016).

Congress does *mandate* revocation in a case of this nature. By statute, the Court must revoke Defendant because he possessed a controlled substance. *See* 18 U.S.C. § 3583(g)(1). The sole exception to mandatory imprisonment and revocation provided in 18 U.S.C. § 3583(d) would require a finding that the record supports drug treatment as a suitable alternative to incarceration. *See* 18 U.S.C. § 3583(d); *United States v. Crace*, 207 F.3d 833, 836 (6th Cir. 2000) (holding district court "required by 18 U.S.C. § 3583(g) to revoke the defendant's term of supervised release upon the defendant's positive drug test and admission of the use of a controlled substance unless defendant could come under the exception in 18 U.S.C. § 3583(d)"). Neither side argued the exception applies, and nothing in the record supports its application.

The presence of a Grade B violation also means that revocation is recommended under the Guidelines. U.S.S.G. § 7B1.3(a)(1) ("Upon a finding of a Grade A or B violation, the court shall revoke probation or supervised release."). Even if revocation were not mandatory, revocation would be appropriate in this case due to the nature of the violations.

**IV.**

At the final hearing, the government argued for revocation with a sentence of imprisonment of twelve months.  Defense counsel argued that Defendant should be sentenced to a nine-month term of imprisonment.  The parties both requested that no further supervised release be imposed.

In support of its recommended sentence, the government focused on the connection between Defendant's current violative conduct, the underlying conviction, and his previous supervised release revocation.  All three involve Defendant's use of methamphetamine.  The government argued that Defendant's breach of the Court's trust, aggravated by the fact that this is his second revocation due to methamphetamine use, requires he be sentenced to a within-Guidelines term of imprisonment.  Further, the government contended that revocation with a term of imprisonment is necessary to deter future drug use and protect the public from Defendant's drug use.

Defense counsel, in arguing for a nine-month term of imprisonment, argued that a within-Guidelines term of imprisonment is longer than necessary to accomplish the goals of supervised release.  Defense counsel emphasized that Defendant has been on supervised release for more than seven years, and was compliant with his conditions of release for most of that time.  On his previous revocation, Defendant was sentenced to a six-month term of imprisonment.  A nine-month term, defense counsel argued, would be longer than his past revocation, and would be enough time to deter future criminal behavior and rehabilitate Defendant.

Both parties recommended that the Court not impose another term of supervised release. Defense counsel explained that the stability Defendant has established, including in his professional life, his home, and his family relationships, will allow Defendant to succeed after release without further supervision.  The government argued that Defendant's risk of engaging in

the same criminal conduct as his underlying conviction is low. Defendant was convicted of manufacturing methamphetamine, but, the government explained, it is highly unlikely that Defendant would be able to do successfully do so again due to changes in the trafficking climate since he was convicted in 2011. Due to the lower risk Defendant poses of manufacturing, supervision is no longer necessary to establish deterrence or ensure public safety.

Defendant spoke briefly to the Court, reiterating his attorney's request for a nine-month term of imprisonment.

## V.

The Court has reviewed the entire record, including the Report and its accompanying documents, and Defendant's underlying judgment and sentencing materials. Additionally, the Court has considered all of the § 3553 factors imported into the § 3583(e) analysis. Through that consideration, the Court recommends that Defendant's supervision be revoked and that he be sentenced to a term of imprisonment of twelve months followed by no further supervised release.

The Court first considers the nature and circumstances of Defendant's conviction. *See United States v. Johnson*, 640 F.3d 195, 203 (6th Cir. 2001) (explaining that this sentencing factor focuses upon the original offense rather than the violations of supervised release). This factor remains the same as it was during Defendant's prior revocation. Defendant's use and possession of methamphetamine connect these violations to his underlying conviction, but this is not a major factor in the Court's view.

The Court next considers Defendant's history and characteristics, the need to deter criminal conduct, and the need to protect the public. Defendant's prior criminal conduct is not as serious as many, but spans the course of nearly thirty-five years and involves multiple felony convictions. The conduct involved in these violations shows Defendant has slipped back into methamphetamine

6

usage, which has led him to criminal conduct in the past.  Defendant poses a risk to the safety of himself and others when using methamphetamine.  A within-Guidelines term of imprisonment is necessary to deter future criminal conduct and protect the public.

The Court also considers the need to provide Defendant with training and treatment. Defendant has exhausted the opportunities for treatment that the Court can provide.  He will be able to seek treatment and training through the Bureau of Prisons while serving his revocation sentence.

The Guidelines suggest that the ***primary*** wrong in the supervised release context is the violation of the Court's trust by an offender.  The particular conduct is an important but secondary issue.  *See* Guidelines 7 Pt. A(3)(b) ("[A]t revocation the court should sanction primarily the defendant's breach of trust, while taking into account, to a limited degree, the seriousness of the underlying violation and the criminal history of the violator.").  Defendant was sentenced to below-Guidelines terms of imprisonment on his underlying conviction and his first supervised release violation.  D.E. 100; D.E. 122.  During the final hearing on his previous supervised release revocation, the Court emphasized that it was recommending a sentence six months below the Guidelines-range primarily due to Defendant's honesty.  *See* D.E. 119 at 6.  Defendant was warned that a second revocation, or dishonesty, would result in a higher sentence.  *Id.*  Nonetheless, Defendant violated again by way of the same conduct, this time falsely denying his methamphetamine use to his probation officer.  Considering this breach of trust, the Court cannot recommend a sentence below Defendant's Guidelines-range.

The Court must consider the need to avoid unwarranted sentencing disparities. This factor is usually addressed by imposing a within-Guidelines sentence.  Here, this goal is met by sentencing Defendant to a within-Guidelines term of imprisonment for his revocation conduct.

7

The record does not provide any reason for the Court to impose a sentence below the bottom end of Defendant's Guidelines range. *See United States v. Johnson*, 640 F.3d 195, 205 (6th Cir. 2011) (requiring that any deviation from the Guidelines range be supported by a specific reason that justifies the extent of the deviation).

In fashioning its recommended sentence, the Court must consider whether an additional term of supervised release is warranted. Here, it is not. Defendant has been on supervised release for more than seven years. Most of that time was spent in compliance with his conditions of release. The concerns discussed above can be addressed through the twelve-month period of imprisonment, without additional supervision.

For the reasons discussed herein and during the final hearing, the Court finds that a twelve-month period of imprisonment with no further supervised release to follow is sufficient, but not greater than necessary, to address the incorporated sentencing factors.

### V.

Based on Defendant's admitted conduct, and in consideration of the factors discussed above, the Court **RECOMMENDS**:

1. That Defendant be found guilty of the violations;

2. Revocation with a term of imprisonment of twelve months;

3. No further supervised release following the end of Defendant's term of imprisonment.

The Court directs the parties to 28 U.S.C. § 636(b)(1) for appeal rights concerning this recommendation, issued under subsection (B) of the statute. *See also* 18 U.S.C. § 3401(i). As defined by § 636(b)(1), within **fourteen** days after being served with a copy of this recommended decision, any party may serve and file written objections to any or all portions for consideration, de novo, by the District Court. Failure to make timely objection consistent with the statute and

8

rule may, and normally will, result in waiver of further appeal to or review by the District Court and Court of Appeals. *See Thomas v. Arn*, 474 U.S. 140, 155 (1985); *United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981).

Defendant's right of allocution under Rule 32.1 is preserved, as reflected in the record. Any waiver should comport with the Court's standard waiver form, available from the Clerk. Absent waiver, the matter will be placed on District Judge Van Tatenhove's docket upon submission.

This the 30th day of March, 2026.

Signed By:

*Hanly A. Ingram*

United States Magistrate Judge